UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **DEBRA PHILLIPS SEIBER,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-427 |
| ) | (Phillips/Guyton) |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.  Introduction**

This Social Security appeal is before the Court for consideration of Plaintiff Debra Seiber's objections [Doc. 22] to the Report and Recommendation ("R&R") issued by United States Magistrate Judge H. Bruce Guyton on January 19, 2012 [Doc. 21]. For the reasons contained herein, the Court **OVERRULES** Plaintiff's objections and agrees with Magistrate Judge Guyton that Plaintiff's Motion for Summary Judgment [Doc. 12] should be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 19] should be **GRANTED**.

**II.  Background**

On January 3, 2007, Plaintiff filed an application for disability insurance benefits and/or supplemental security income, alleging a period of disability beginning October 23, 2006. [R. 10, 102-06.] The claim was denied initially on June 19, 2007, and upon reconsideration on October 19, 2007. [R. 60-63, 67-68. 69-72.] An Administrative Law Judge ("ALJ") held a hearing on May 19, 2009 to review determination of Plaintiff's claim. [R. 24-54.] On December 9, 2009, the

ALJ concluded that Plaintiff was not disabled. [R. 7-24.] The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. [R. 1-5.]

The evidence presented before the ALJ and the basis for the ALJ's findings are well detailed in the Magistrate Judge's R&R. [Doc. 21, at 2-14.] Plaintiff does not object to the R&R's summary thereof, and it therefore is adopted and incorporated herein by reference.

Plaintiff now seeks judicial review of the Commissioner's decision, and parties' cross motions for summary judgment are before the Court. [Doc. 12.] Plaintiff claims the ALJ erred in (1) finding medical improvement in order to avoid administrative *res judicata*; (2) rejecting the limitations imposed by Dr. Blake; (3) making a credibility determination that was unsupported by substantial evidence; (4) finding that Plaintiff's rotator cuff was not a severe impairment; and (5) finding that the vocational expert's testimony constituted substantial evidence. The R&R issued by Magistrate Judge Guyton (1) upheld the ALJ's finding of medical improvement; (2) found no error in the ALJ's credibility determination; (3) found no error in the ALJ's decision that Plaintiff's rotator cuff injury was not a severe impairment, and in its decision not to incorporate the finding about the rotator cuff in its residual functional capacity determination; and (4) found that the hypotheticals posed to the vocational expert were not incomplete and were supported by substantial evidence. [Doc. 21.] While the R&R found that the ALJ erred in noting that Dr. Blake found Plaintiff "not credible" because she exaggerated and initially provided incorrect responses, it concluded that such error was harmless. The R&R recommended that Plaintiff's Motion for Summary Judgment [Doc. 12] be denied and that the Commissioner's Motion for Summary Judgment [Doc. 19] be granted.

-2-

Case 3:10-cv-00427   Document 23   Filed 03/22/12   Page 2 of 10   PageID #: 127

Plaintiff timely objected to the Magistrate Judge's findings regarding (1) Plaintiff's medical improvement; (2) the harmlessness of the ALJ's error concerning Dr. Blake's report; and (3) the sufficiency of the hypothetical question posed to the vocational expert. [Doc. 22.] As required by 28 U.S.C. § 36(b)(1) and Federal Rule of Civil Procedure 72(b), this Court now undertakes a *de novo* review of those portions of the R&R to which Plaintiff objects.

## III. Standard of Review

Judicial review of a Commissioner's decision is limited to an inquiry into whether the Commissioner failed to apply correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is immaterial whether the record also possesses substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The scope of the Court's review is limited to an examination of the record only, and the Court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'" *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

## IV. Analysis

### A. Administrative *Res Judicata* and Binding Nature of Prior ALJ Decision

Res Judicata applies to administrative decisions of the Social Security Administration. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990). Accordingly, when a claimant's residual functional capacity was previously determined by an ALJ, a subsequent ALJ is bound by that determination "absent evidence of an improvement in a claimant's condition." *Drummond*, 126 F.3d at 842. The burden of proof is on the Commissioner of Social Security to prove changed circumstances and therefore escape the confines of res judicata. *Id.* at 843.

In concluding that Plaintiff could perform light work, the ALJ took into consideration "the previous decision of the administration in the claimant's case when she was limited to sedentary work." [R. 17.] However, the ALJ found that the prior determination was not binding because, as a result of a surgery on and many injections in her back during mid- to late-2008, Plaintiff had "realized a medical improvement and as such is [] capable of the above residual functional capacity [of light work]." *Id.* The ALJ described epidural injections Plaintiff had in her sacroiliac joint and lower lumbar spine from August 2007 to July 2008, and the multi-level lumbar laminectomies, facetoectomies, and neuroforaminotomies performed on Plaintiff's back in July 2008 to decompress the nerve roots. [R. 12.] The ALJ observed that, after her surgery, Plaintiff only underwent epidural injections through October 2008. The ALJ also highlighted Plaintiff's lack of post-surgical follow-up treatment with her treating surgeon, and noted that a lack of follow-up care is inconsistent with claims of continued complaints. [R. 17 (citing *Blacha v. Secretary*, 927 F.2d 228 (6th Cir. 1990)).]

Furthermore, and contrary to Plaintiff's arguments in her objections to the R&R, Dr. Cincere's and Dr. Misra's consultative evaluations do not "refute any notion of medical

improvement." [Doc. 21, at 3.] Dr. Cincere made the following observations concerning Plaintiff's musculoskeletal condition:

> Range of motion of cervical spine, 50 degree of flexion [out of 50], 50 degree of extension [out of 60], 30 degrees of right and left lateral flexion [out of 45], 60 degrees of right and left rotation [out of 80]. Dorsolumbar spine, 80 degrees of flexion [out of 90], 20 degrees of extension [out of 20], 25 degrees of right and left lateral flexion [out of 25]. Full range of motion in bilateral shoulders, bilateral elbows, bilateral hips, bilateral knees, bilateral ankles, bilateral wrists and hands. Her back demonstrates no tenderness in cervical, thoracic, and lumbar spine. Lumbar incision in midline is healing and non-tender.
>
> A 4+/5 motor strength throughout bilateral upper extremities and lower extremities. She has decreased sensation in the right C6, C7 and C7 dermatomes, otherwise intact. Right shoulder demonstrates positive Neer and Hawkins impingement sign. Negative cross-body test. Positive empty can sign. Positive ligament in external rotation and adduction. She has healed incision on right carpal tunnel and base of her palmer thumb.

[R. 467-68.] As the ALJ noted in its opinion, these results reflect that Plaintiff's musculoskeletal ranges of motion were either "full range," or "normal," or at least two-thirds of the full range. [R. 17.] It therefore was reasonable for the ALJ to opine that the "Summary" section of Dr. Cincere's evaluation—which contains several similarities to the prior ALJ's determination that Plaintiff could lift and carry no more than 10 pounds, do no more than occasional crouching and crawling, and do not more than occasional reaching overhead with her right arm—"far exceed[s] what could reasonably be expected in light of the objective findings" and "seems based more on giving full credit to the claimant's subjective complaints than on objective findings." *Id.*

In addition, the Court agrees with the Magistrate Judge that Plaintiff failed to state how Dr. Misra's findings in June of 2007 undermine the ALJ's finding that the Plaintiff's residual functional capacity improved following surgery. Though Dr. Misra concluded that Plaintiff had "no impairment-related physical limitations," she made a number of observations regarding Plaintiff's

-5-

allegations of injuries and pain, and Plaintiff's limited ranges of motion. [R. 241-44.] Such evidence does not completely undermine or refute the ALJ's finding of improvement.

In light of the lack of objective findings in the record as to Plaintiff's pre- and post-surgery physical condition, as well as the lack of post-surgical follow-up treatment, it was reasonable for the ALJ to find medical improvement in this case. Furthermore, the medical opinions of Drs. Cincere and Misra do not refute such a finding. Plaintiff's objection to the Magistrate Judge's conclusion that the ALJ was not bound by the prior RFC determination is accordingly overruled.

### B. Alleged Harmfulness of the Findings of Candace Blake, Psy.D.

Plaintiff does not object to the Magistrate Judge's finding that the ALJ committed error in finding Plaintiff "not credible"; however, Plaintiff objects to the Magistrate Judge's dismissal of said error as harmless. Plaintiff states that the ALJ's finding that Plaintiff is not credible went "to the core of the ALJ's reasoning for rejecting the psychological examiner's assessment that [Plaintiff] is highly limited in her ability to concentrate." [Doc. 22, at 2.]

The Court finds Plaintiff's argument as to the alleged harmfulness of the ALJ's error not well taken. The ALJ found "a lack of credibility on the part of the [Plaintiff]" for several reasons other than what the ALJ mistakenly surmised from Dr. Blake's report. First, Plaintiff testified that she got no relief from the epidural injections, yet on July 1, 2008 she reported receiving immense relief as a result of the injections. [R. 16.] In addition, Plaintiff testified that she did not have a problem with overuse of her medications, but she was dismissed from a medical treatment center for misuse of her medications and had a positive urine sample for oxycontin. *Id.* Finally, the ALJ

noted that Plaintiff did not appear to have sought or received regular mental health treatment consistent with a finding of "highly limited" mental functioning. [R. 17.]

Furthermore, even taking as true Dr. Blake's finding that Plaintiff's concentration was "highly limited," Plaintiff is incorrect in asserting that the ALJ essentially "ignored" this limitation. While a classification of "highly limited" is not a term of art, and any precise definition the parties attempted to accord the term was unsupported by substantial evidence in the record, *see* [Doc. 21, at 17-18]; [R. 18-19, 52-53], it is clear that the ALJ's final decision took Dr. Blake's conclusion into account. Plaintiff's residual functional capacity determination reflected that she could only perform light work and could not concentrate on more than simple tasks. [R. 15.] And the hypothetical question posed by the ALJ to the vocational expert included consideration that "due to emotional problems, or pain, or other difficulties she could not concentrate for more than simple tasks as opposed to complex and detailed work." [R. 52.]

Though the ALJ erred in determining that Dr. Blake made findings that the Plaintiff exaggerated or initially provided incorrect responses, the Court agrees with Magistrate Judge Guyton that such error was harmless.

### C. Sufficiency of the Hypothetical Question Posted to the Vocational Expert

Plaintiff's third objection is that, as a result of the ALJ's decision to reject the limitations given by Dr. Blake concerning Plaintiff's ability to concentrate, the ALJ posed an incomplete hypothetical question to the vocational expert. [Doc. 22, at 1.] Plaintiff contends that the vocational expert's testimony does not constitute substantial evidence in support of the ALJ's findings because such testimony was based in part on an "erroneous and incomplete hypothetical question." [Doc. 13, at 21.]

"To meet its burden of showing that a claimant can perform work that is available in the national economy, the Commission must make a finding 'supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs.'" *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). "This kind of '[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a 'hypothetical' question, but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* The sufficiency of the hypothetical question implicates "whether the VE's testimony in response to the hypothetical question may serve as substantial evidence in support of the ALJ's findings that [the claimant] could perform other work." *Id.* at 241.

At the hearing, the ALJ asked the vocational expert whether jobs existed in the national economy for:

> [A] younger individual almost 49 years of age who has a high school education and past relevant work identical to that of the Claimant. There are multiple complaints involving basically muscular skeletal type problems, back pain, elbow pain, difficulty with the hands, other problems as indicated in testimony. Assume that this individual is limited to light exertion. That she cannot frequently, defined as up to two-thirds of a day, bend or stoop. And that she needs to avoid hazards and due to emotional problems, or pain, or other difficulties she could not concentrate for more than simple tasks as opposed to complex and detailed work. She denies any alcohol or drug related limitations.

[R. 51-52.] The vocational expert responded such an individual would be able to perform the requirements of occupations such as sorter (2600 in TN and 98,300 in the nation), laundry folder (26,000 in TN and 191,300 in the nation), and housekeeper/cleaner (7400 in TN and 344,000 in nation). [R. 52.] Subsequently, Plaintiff's counsel posed the following question to the vocational expert: "If, if her ability to concentrate would be limited to 30 minutes at a time without a break

would that preclude work?". [R. 53.] The vocational expert responded affirmatively. *Id.* In its final report, after summarizing its findings regarding Plaintiff's vocational prospects, the ALJ noted: "The vocational expert was asked other hypotheticals, but as those questions were not consistent with the claimant's residual functional capacity, the responses to those questions are moot." [R. 18-19.]

The Court finds that the hypothetical question posed by the ALJ to the vocational expert accurately portrayed Plaintiff's individual physical and mental impairments, as determined by the ALJ in its residual functional capacity determination. It was neither erroneous nor incomplete, as it lengthily detailed Plaintiff's objectively observed *and* subjectively reported limitations and ailments. The ALJ's decision to exclude from its hypothetical of some of the limitations noted by Dr. Blake was reasonable and supported by substantial evidence in the record, as discussed *supra* in Part III(B). The vocational expert's testimony in response to the ALJ's hypothetical question was substantial evidence in support of the ALJ's determination that Plaintiff could perform jobs that exist in significant numbers in the national economy.

### D. ALJ's Credibility Determination

Apart from her objection to the harmlessness of the ALJ's error, discussed *supra* in Part III(B), Plaintiff does not object to Magistrate Judge Guyton's findings as to the reasonableness of the ALJ's credibility determination. [Doc. 20, at 19-20.] Having reviewed the parties' original memoranda and the Magistrate Judge's findings regarding this matter, the Court is in complete agreement the Magistrate Judge's conclusion that the Plaintiff's complaints of pain were not fully supported by the record or consistent with her medically determinable impairments. Accordingly, the Court adopts and incorporates into this ruling the reasoning set forth in Part VI(C) of the R&R.

### E. Severity of Plaintiff's Rotator Cuff Injury

Plaintiff does not object to Magistrate Judge Guyton's finding that the ALJ did not err in (1) deciding that Plaintiff's rotator cuff injury was not a severe impairment; and (2) deciding not to incorporate the finding about the rotator cuff in the residual functional capacity determination. [Doc. 20, at 20-21.] Having reviewed the parties' original memoranda and the Magistrate Judge's findings regarding this matter, the Court is in complete agreement the Magistrate Judge's conclusion that the ALJ did not err in step two or step five of its analysis. Accordingly, the Court adopts and incorporates into this ruling the reasoning set forth in Part VI(D) of the R&R.

### IV.     Conclusion

For the reasons stated herein, Plaintiff's objections [Doc. 21] to the Report and Recommendation ("R&R") are hereby **OVERRULED**, and the R&R [Doc. 20] is **ACCEPTED IN WHOLE** under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. It is **ORDERED,** for the reasons stated herein and in the R&R, which the court adopts and incorporates into its ruling, that Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED;** Defendant Commissioner's Motion for Summary Judgment [Doc. 19] is **GRANTED**; Defendant Commissioner's decision to deny Plaintiff's application for benefits under the Social Security Act is **AFFIRMED;** and this case is **DISMISSED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge